No. 3455.

(Court of Appeal, Parish of Orleans )

EDWARD M. BLANK vs. ST. CHARLES STREET R. R. CO.

1. The recognized rule is that before attempting to cross a railway track a person should stop, look and listen; and it will hardly do to substitute for it a rule to the effect that, being at a distance from a crossing, towards which plaintiff and an electric car are travelling, he may then form an opinion as to which of the two will get there first; and acting upon that opinion essay the crossing without giving himself further concern upon the subject. 110 La. 970.

2. In this case not only was the accident for which damages are sued, at a certain moment unavoidable, but if any fault exist it is traceable to the supervening and greater fault of the plaintiff 110 La. 970.

3. Cases cannot be tried by piece-meal; and where mover for a subpoena duces tecum has had prior to and during the trial full opportunity to obtain the books, papers and documents he requires, the ruling of the Court at the close of the trial denying mover's motion will not be disturbed.

Appeal from Civil District Court, Division E.

R. J. Maloney, for plaintiff and appellant.

Harry H. Hall, for defendant and appellee.

BEAUREGARD, J.   In this case, in which a trial by jury had been prayed for, then waived, plaintiff appeals from the judgment of the Court a qua rejecting his demand of $1900 as damages due to him for alleged permanent personal injuries by him suffered in a collision with one of defendant's electric cars on the 1st of September, 1902, at — P. M. in the afternoon.   In which collision plaintiff's wagon (of which he was the driver) was struck from which he was thrown out and injured as above stated.

He attributes this collision to the careless and negligent handling of Defendant Co's car.   Defendant retaliates, after tendering the general issue, in charging plaintiff with contributory negligence.

The facts which a very careful study of the record reveals are as follows:

1.   On the 1st of September, 1902, car No. 62 of the Defendant Co. at — P. M. was moving down Bourbon street; and at the cor-

ner of Bourbon and Conti streets, slowed down or stopped to admit a passenger, then started off at a moderate speed.

2. At the corner of St. Louis and Bourbon streets, the collision took place with plaintiff's wagon.

3. The wagon was moving down St. Louis street, towards the swamps at a rapid gate. It was a beer wagon, hitched to two mules on a trot; it had a shade over the driver's seat, with the side curtains (if any) up.

4. The driver testifies he never stopped to look (and of course to listen); that he saw one car stopped at the corner mentioned above, but went right on.

5. In his testimony before the Second City Criminal Court he stated that he saw no car in sight. Hence his assumption that he could cross the track with impunity.

6. In the trial Court for his damages, if, as he stated, he saw the car stopped at the corner of Bourbon and Conti streets, he again assumed that he could cross the said track in perfect safety.

This was an error of judgment and a violation of the well settled rules that not only does a railroad track convey a signal of danger, but that the one venturing to cross it, is bound to stop, look and listen; and if any obstruction impedes his view of the track he is bound to exert greater caution to free himself of the charge of contributory negligence. This rule was not observed by the plaintiff as he himself testifies.

7. On the other hand, the car employees corroborated by several witnesses, testify that not only was the gong sounding from the middle of the block from Conti to St. Louis streets, but that the car was moving at half speed (5 notches); and that the mules of the wagon, within 5 feet in front of the coming car, emerged on its track, that the car was stopped immediately, at the very spot where the collision happened, that one mule was knocked down; the near mule which left some of its hair on the car's dash-board, but was not hurt. And the mule regaining his feet, was with its mate turned down Bourbon street; the front wheels of the wagon (one of them) running in the gutter.

That as soon as the motorman saw the heads of the mules he applied his brakes, reversed his power and hollered to the driver, who was looking either down Bourbon or back of him on St. Louis street. That when the mule was struck and the wagon turned around and drew in to the gutter, the driver, who had been standing up in his wagon or at his seat sprang to the banquette, was struck by a post, fell unconscious, was picked up, revived and sent to the Charity Hospital; to which he at first demurred going, asking those near him to send for his brother who finally (as the record or the testimony of the witnesses would indicate) called for him there;

292

that he left and went to his home where he remained under the care of a physician for a considerable time.

The assertion by the skilled counsel for plaintiff that the burden of proving contributory negligence in the plaintiff was on the defendant has been convincingly shown by the latter. Prudence, and little foresight charged the driver and plaintiff herein with the observance of such precautionary measures as would have avoided an accident which he seemingly courted or to the happening of which he seemed indifferent.

The language of the Court in two cases in 48 A. 26 and 12 may well be quoted here : "The driver (the plaintiff here) instead of looking at his horses turned his face" and was looking back or in an opposite direction in which he must have known that a car would come. "And" the opinion must prevail here "that the danger was seen as soon as it was possible to see it, and that the motorman on seeing it, made instantly every exertion to avert it. The escape from the collision was impossible."

So, whatever suffering the plaintiff, after the accident, endured is not an element to be considered.

It appears that the hearing of the case was not had by the Court below at one sitting.

It was therefore agreed that several witnesses were to be heard at a subsequent date. At that date, counsel for plaintiff moved for a duces tecum on the defendant company to obtain :

1. Its rules for the transfer of passengers on Canal street and its posting in the cars.

2. Its Inspector's report of Sept. 1, 1902, of said accident and on file in the office of the defendant company, and

3. Other documents enumerated and described.

The motion was denied on the ground that it came too late, the case being closed and that the case had been continued and confined to the examination of the witnesses not yet heard and as suggested by counsel for defendant, that "what plaintiff alleges he intends proving by these documents, he was fully aware of and has been fully aware since the time of the accident."

These reasons and the further one that cases cannot be tried by piece-meal, when the plaintiff had the full opportunity by seasonable action to obtain all the evidence he required, are sufficiently patent not to disturb the ruling referred to.

Furthermore, notwithstanding the fact that if, on production of these documents, it had been shown that the cars had been bunched, and were separately speeding to make up time at even 15 miles an hour (which is the notorious maximum rate of speed, 110 La. 980) the ruling referred to would not have affected the case. For, if then defendant had been at fault, this fault would not have caused an accident, due to the supervening and greater fault of the plain-

tiff; and, which on the fairest appreciation of the evidence leaves not a doubt in this respect.

The judgment appealed from is affirmed.

June 18, 1904.

Rehearing refused June 28, 1904.

Writ of review refused by Supreme Court.